**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

11501 WILLIAM BEANES ROAD LLC, *et al.*,

*Plaintiffs*,

v.

US BANK NATIONAL ASSOCIATION, *et al.*,

*Defendants*.

Case No. 26-cv-2645-ABA

**MEMORANDUM OPINION AND ORDER**

In 2020, 11501 William Beanes Road LLC ("11501 LLC") purchased property located at 11501 William Beanes Road in Upper Marlboro, Maryland. ECF No. 5 at 2. In October 2021, 11501 LLC encumbered the property with a $751,875.00 thirty-year refinance mortgage. *Id.* The mortgage's original lender was TVC Funding III, LLC. *Id.* at 3. The mortgage was later assigned to Wilmington Savings Fund Society, FSB, which named Nicole Lipinski, Gabrielle Giovinazzo, and Erin Kennedy as substitute trustees for the Mortgage (the "Trustees") in January 2025, and assigned the mortgage to US Bank that same month. *Id.*

The Trustees initiated a foreclosure action against 11501 LLC in in the Circuit Court for Prince George's County in February 2025. *Id.* The court ratified the foreclosure sale of the property on June 12, 2026.

On April 9, 2026, Plaintiff Jose Strickland, a member of 11501 LLC, filed a complaint in the Circuit Court for Prince George's County, Maryland on behalf of himself and 11501 LLC. ECF No. 2. Plaintiffs challenge the foreclosure and seek quiet title to their property in Upper Marlboro, Maryland. *Id.* at 4. Plaintiffs also allege that

the foreclosure violated the Fair Debt Collection Practices Act. *See id.* at 2. Defendants removed the case to this Court based on their assertion that this Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a). ECF No. 1. Defendants subsequently filed a motion to dismiss. ECF No. 5. The Court ordered Plaintiffs to respond by August 6, 2026, and admonished 11501 LLC that, pursuant to Local Rule 101.1(a), to have its claims adjudicated in this Court it would need to be represented by counsel. ECF No. 7. Plaintiffs never responded to Defendants' motion to dismiss, and no attorney has entered an appearance on behalf of 11501 LLC.[1]

Defendants argue that Plaintiffs' claims are barred by the doctrine of *res judicata*.[2] ECF No. 5-1 at 8–11. Pursuant to that doctrine, a party is precluded from bringing a claim when there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005) (quoting *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). "The determination of whether two suits arise out of the same cause of action, however, does not turn on whether the claims asserted are identical. Rather, it

---

[1] Defendants argue that Plaintiffs' failure to oppose the motions to dismiss presents a sufficient basis to grant the motions. ECF No. 11 at 2. That is not the law in this Circuit. *See, e.g.*, *Guzman v. Acuarius Night Club LLC*, 167 F.4th 217, 221–22 (4th Cir. 2026).

[2] Defendants also argue that Plaintiffs' claims should be dismissed for a number of other reasons, including because 11501 is not represented by counsel, Mr. Strickland lacks standing, Mr. Strickland is precluded from brining his claims under the doctrine of issue preclusion, and Plaintiffs fail to state a claim under the Fair Debt Collection Practices Act. ECF No. 5-1 at 6–8, 11–12. Because the Court will dismiss Plaintiffs' claims with prejudice based on the doctrine of *res judicata*, it does not address these other arguments.

turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)).[3]

All three elements of *res judicata* are satisfied here. First, the Circuit Court for Prince George's County ratified the foreclosure sale, which constitutes "a final judgment as to any rights in the real property." *Huertas v. Ward*, 248 Md. App. 187, 205–06 (2020). Second, that case turned on the same operative facts as the instant suit—namely the foreclosure of Plaintiffs' property. Finally, although Mr. Strickland and US Bank were not parties to the state court suit, which was between the Trustees and 11501 LLC, there is sufficient privity between the parties and non-parties for the purposes of *res judicata*. For a non-party to be in privity with a party to a former litigation, that party must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Martin*, 407

---

[3] Defendants removed to federal court citing both diversity and federal question jurisdiction, and indeed this case contains a mix of state and federal questions. "Where jurisdiction is based on diversity, 'the law of the state where the District Court sits . . . controls questions of res judicata and collateral estoppel.'" *Chartis Prop. Cas. Co. v. Huguely*, 243 F. Supp. 3d 615, 626 (D. Md. 2017), *aff'd sub nom. Love v. Chartis Prop. Cas. Co.*, 734 F. App'x 184 (4th Cir. 2018) (quoting *St. Paul Fire & Marine Ins. Co. v. Lack*, 476 F.2d 583, 585 (4th Cir. 1973)). Maryland law, which applies here, is substantively the same as federal law regarding the application of *res judicata*. *See Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 361 Md. 371, 392 (2000) ("Under Maryland Law, the requirements of res judicata or claim preclusion are: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and 3) that there was a final judgment on the merits . . . . Therefore, a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action and is conclusive, not only as to all matters decided in the original suit, *but also as to matters that could have been litigated in the original suit*.").

F.3d at 651 (quoting *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir. 1997)). In foreclosure proceedings there is privity between successor holders of an underlying mortgage (such as US Bank) and substitute trustees (such as the Trustees). *See Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (citing *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011)). Likewise, because Mr. Strickland does not claim to be an owner of the property separately from 11501 LLC, ECF No. 2 at 1, he has no separate interest in this litigation or legal right to the property. Thus, the Court finds that there is privity between 11501 LLC and Mr. Strickland for the purposes of the foreclosure proceedings.

Accordingly, the Court ORDERS as follows:

1. Defendants' motion to dismiss (ECF No. 5) is GRANTED;
2. Plaintiffs' complaints are DISMISSED with prejudice; and
3. The Clerk is directed to CLOSE this case.

Date: November 24, 2026

*/s/*
Adam B. Abelson
United States District Judge